EVANS–SNIDER–BUEL CO. v. JUSTICE et al. (Circuit Court, E. D. Pennsylvania. May 29, 1900.) No. 83. Richard C. Dale, for plaintiff. John G. Johnson, for defendants.

DALLAS, Circuit Judge. Upon the trial of this case certain questions were prepared by counsel and submitted to the jury, to be answered by them. To the first of these questions the jury answered that the wool consigned to the defendants was shorn from sheep which, at the time of the making of the mortgage upon which the plaintiff's claim is based, were in Elmore county; and the fact thus found was essential to the plaintiff's case, for it is conceded that, if those sheep were then in Blaine county, the wool in question was not protected by the mortgage, because it had not been recorded in that county. The defendants have taken a rule for a new trial, upon the ground that this finding was not supported by evidence, and, upon full investigation, I am satisfied that it was not. The mortgage itself recited that the mortgaged live stock was then in Elmore and Blaine counties. It contained nothing to suggest that there were not lambs in both counties; and yet the jury must have inferred from testimony that the wool in question had been shorn from "yearlings" (and that fact was not established to my satisfaction), and that it had been shorn from stock which had been in Elmore county when the mortgage was made. It was testified, it is true, that this particular wool was cut from sheep which had been seen in Elmore county. This statement, however, was based by the witness upon the fact that, at the time he had seen them, they were lambs of the spring of 1898; but, conceding this fact, I find no evidence whatever to warrant the deduction from it that the wool in controversy was taken from sheep which had been in Elmore county at the time of the creation of the mortgage, inasmuch as there is nothing to justify a supposition that there were not lambs of the spring of 1898 both in Blaine and in Elmore counties. It follows from what has been said that there cannot be a judgment for the plaintiff upon the verdict. On the other hand, although the defendants' right to judgment non obstante veredicto has been urged with much force, I think it preferable that decision of the questions of law, which have been discussed upon the motion for that judgment, should be postponed until all the facts shall have been finally determined; and accordingly the only order which will now be made is that the defendants' rule for a new trial be, and it is hereby, made absolute.

---

FERGUSON CONTRACTING CO. v. MANHATTAN TRUST CO. et al. (Circuit Court of Appeals, Sixth Circuit. June 11, 1900.) No. 836. Appeal from the Circuit Court of the United States for the Northern District of Ohio. Henry Crawford, for appellant. John H. Doyle and Louis Marshall, for appellee. No opinion. Decree of circuit court affirmed.

---

GAHEGAN v. WALKER et al. (Circuit Court of Appeals, Eighth Circuit. May 8, 1900.) No. 1,303. In Error to the Circuit Court of the United States for the Western District of Missouri. Lathrop, Morrow, Fox & Moore, for defendants in error. Motion dismissed, with costs, for want of prosecution.

---

In re GORMULLY & JEFFREY CO. (Circuit Court of Appeals, Second Circuit. April 30, 1900.) No. 147. Appeal from the District Court of the United States for the Southern District of New York. Roger M. Sherman, for appellant. D. B. Ackerman, for appellees. Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges. No opinion. Order affirmed on opinion of court below. 95 Fed. 429.